UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| B. F. a minor,<br>KIM FIELDS and KENNY FIELDS as the<br>natural parents and legal guardians of B.F.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BUCKLE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:13-cv-00222-RLY-WGH |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' AFFIDAVIT**

This case originated in Vanderburgh Circuit Court, where Plaintiffs, B.F., a minor, and his parents, Kim and Kenny Fields, filed suit against Defendant, The Buckle, Inc., seeking damages for personal injuries that B.F. suffered during a visit to The Buckle's retail clothing store. Pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), The Buckle removed the action to this court based upon diversity jurisdiction and now moves for summary judgment and to strike portions of Kenny Fields's affidavit. For the reasons set forth below, the court **GRANTS** both motions.

**I.     Background**

Mr. and Mrs. Fields and their then four-year-old son, B.F., visited The Buckle, a retail clothing store located in the Eastland Mall in Evansville, Indiana. The Buckle's surveillance camera captured the incident giving rise to this action. The video initially

1

shows B.F. sitting on his father's shoulders. Mr. Fields then placed B.F. on the ground beside a clothing rack. The clothing rack, an oblong rectangle in shape, has two hanger rails that constitute the long sides of the rack. The short ends of the rack consist of a horizontal bar that supports a shelf separating the hanger rails. (*See* Filing No. 44-1). As Plaintiffs describe it, the clothing rack has "open ends." (Filing No. 33 at 3).

Once on the ground, B.F. grabbed hold of and hung from the support bar at the end of the rack before disappearing between the rows of hanging clothes. Only seconds thereafter, Mr. Fields heard his son scream and appear from within the clothing rack with a hanger caught in his eye. (Filing No. 33-2, Affidavit of Kenny Fields ("Fields Aff.") at 1). The undisputed evidence establishes that a metal-tipped hanger within the clothing rack caused a full-thickness eyelid laceration and a canalicular laceration to B.F.'s left lower lid.[1] (Filing No. 33 at 2; Filing No. 33-4 at 2).

Plaintiffs bring this negligence action on a premises liability theory, claiming that The Buckle breached its duty to protect B.F. from dangerous conditions on its premises. The Buckle moved for summary judgment only one month after discovery commenced and before either party conducted any depositions. (Filing No. 33 at 4). Plaintiffs lament

---

[1] Included in Plaintiffs' Designation of Evidence in Opposition to Summary Judgment (Filing No. 33-1) is a Motion to Amend an allegation in the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). In the Complaint, Plaintiffs alleged that The Buckle left a "box of hangers" inside of the clothing rack. (Filing No. 25-2 at 3). As amended, the allegation states that The Buckle "left hangers for clothes unattended inside a rack of clothes" which caused B.F.'s injuries. The procedural awkwardness of this maneuver notwithstanding, at the summary judgment stage, the nonmoving party must go beyond mere allegations and cite specific facts in the record that establish a genuine issue of material fact. In any event, however, The Buckle does not dispute whether B.F. fell into a box of hangers located inside the rack or, as Plaintiffs now assert, whether he simply came in contact with a loose hanger as he pushed through the clothes. (*See* Filing No. 24 at 3 n.1; Filing No. 44 at 4).

this fact in their Brief in Opposition to Defendant's Motion for Summary Judgment, but they neglected to move for relief pursuant to Rule 56(d). Thus, the court rules on The Buckle's motions despite the regrettable dearth of admissible evidence in the record.

## II. Discussion

Under the *Erie* doctrine, federal courts exercising diversity jurisdiction apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996). Therefore, the court applies the federal standard for summary judgment and Indiana substantive law with respect to Plaintiffs' premises liability claim.

### A. Motion to Strike

In opposition to summary judgment, Plaintiffs rely exclusively on the affidavit of Kenny Fields. (*See* Filing No. 33 at 4–8). The Buckle challenges certain portions of the affidavit on the grounds that the affiant lacks the requisite personal knowledge to testify about the factual issues in dispute. (*See* Filing No. 43). Specifically, The Buckle moves to strike the following statements:

> 7. I have been to other stores in the Eastland Mall and found that racks are closed or designed to keep children out in many locations and some plastic hangers are used in other locations. Exhibit A is attached with the photographs of other locations in Eastland Mall that I observed, which are constructed in such a manner to prevent an occurrence as my son experienced.
>
> 10. No one had been checking on the racks and status of same [*sic*] during this time in the store.
>
> 12. The Buckle, Inc.'s store located in the Eastland Mall in Evansville, Indiana serves a young group of shoppers known to bring little children to the store.

(Filing No. 33-2, Fields Aff. at 1–2).

Federal Rule of Civil Procedure 56(c)(4) provides that affidavits used to oppose a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." Although personal knowledge may include inferences and opinions, such inferences must be substantiated by specific facts. *Fulmore v. Home Depot, U.S.A., Inc.*, 423 F. Supp. 2d 861, 871 (S.D. Ind. 2006) (citing *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998)). With respect to Paragraphs 7 and 12, the court agrees with The Buckle that such statements amount to conclusory opinions asserted as facts. Kenny Fields neither establishes his competence to opine on the design features of clothing racks nor presents specific facts to support his bald conclusion about The Buckle's clientele. *See Drake*, 134 F.3d at 887. On summary judgment, the court disregards such statements that fail to comply with Rule 56(c)(4). *Fulmore*, 423 F. Supp. 2d at 871. In Paragraph 10, however, Kenny Fields states what he personally observed during his short time in The Buckle's store on December 30, 2011. This constitutes a specific fact based on his personal knowledge and therefore suffices under Rule 56(c)(4).

For the foregoing reasons, the court **GRANTS** The Buckle's Motion to Strike Portions of Plaintiffs' Affidavit (Filing No. 43) with respect to Paragraphs 7 and 12 and **DENIES** the Motion with respect to Paragraph 10. Accordingly, the court will not consider the stricken portions of the affidavit on summary judgment.

B.  **Summary Judgment**

1.  **Standard**

The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether the movant has met the standard, the court reviews the record as a whole and draws all reasonable inferences in favor of the nonmoving party. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009) (citations omitted). However, to survive summary judgment, the nonmoving party must go beyond the pleadings and designate specific facts showing the existence of a genuine issue for trial. *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). A genuine factual dispute exists if it "can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, factual disputes that have no bearing on the suit's outcome under the governing substantive law will not preclude summary judgment. *Eckles v. Consol. Rail Corp.*, 94 F.3d 1041, 1045 (7th Cir. 1996).

## 2. Analysis

In opposition to summary judgment, Plaintiffs assert that genuine factual disputes remain as to whether the particular design of The Buckle's clothing rack or its failure to keep the rack free of loose hangers amount to dangerous conditions.[2]

To prevail on a claim of negligence, a plaintiff must show: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant's conduct fell below that applicable standard; and (3) that this breach of duty proximately caused compensable injury to plaintiff. *Hale v. SS Liquors, Inc.*, 956 N.E.2d 1189, 1192 (Ind. Ct. App. 2011). The court determines as a matter of law whether a legal duty exists. *Douglass v. Irvin*, 549 N.E.2d 368, 369–70 (Ind. 1990). Upon a finding of duty, the fact finder must then evaluate whether the defendant's conduct fell short of the requisite care owed to the invitee. *Id.*

In Indiana, a landowner owes invitees a duty to exercise reasonable care to protect them from harm on its premises. *Pfenning v. Lineman*, 947 N.E.2d 392, 406 (Ind. 2011) (citation omitted). To further define this duty, Indiana has adopted the Restatement (Second) of Torts § 343 (1965):

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

---

[2] Plaintiffs briefly state that a triable issue of fact remains as to whether B.F. swung from the horizontal bar at the end of the clothing rack or simply walked into the clothes. (Filing No. 33 at 3). Because Plaintiffs fail to explain the materiality of this question of fact, which is not self-evident, the court disregards it.

Plaintiffs also claim that whether Kim and Kenny Fields "properly handled the care of their child in the store" precludes summary judgment. As explained below, plaintiffs fail to establish that The Buckle owed B.F. a duty to protect him from a loose hanger. Therefore, the court need not consider the issue of comparative fault.

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

*Id.* (citing *Burrell v. Meads*, 569 N.E.2d 637, 639–40 (Ind. 1991)). The absence of an element under § 343 entitles The Buckle to summary judgment. *Id.*; *see also Harradon v. Schlamadinger*, 913 N.E.2d 297, 301 (Ind. Ct. App. 2009) (noting that all three elements, expressed in the conjunctive, are preconditions to premises liability).

The sole issue before the court is whether The Buckle had a duty to protect B.F. from a loose hanger located within a clothing rack, for without a legal duty no liability can attach. As The Buckle points out, this determination turns on whether The Buckle should have realized that such a condition involved an unreasonable risk of harm, a question reserved for the court. *See Pfenning*, 947 N.E.2d at 407 (holding that, as a matter of law, the risk of a person being struck by a golf ball while on a golf course does not qualify as an "unreasonable risk of harm"); *Harradon*, 913 N.E.2d at 302 (finding that a sofa did not pose an unreasonable danger to an infant who died from suffocation when he and his mother slept on it). Plaintiffs insist that because the parties disagree as to whether the hanger and clothes rack constitute unreasonably dangerous conditions, the trier of fact should settle the issue. This, however, conflates the respective roles of courts and juries in determining whether the law imposes liability upon a landowner. The court decides whether the duty of reasonable care involves protecting or warning against the

7

harming condition, as articulated in § 343; the trier of fact assesses whether the defendant's conduct satisfied the duty of reasonable care. *See Pfenning*, 947 N.E.2d at 407.

Although the law does not impose a duty to insure the safety of invitees, a landowner must use reasonable care to protect them against *foreseeable* dangers. *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012) (emphasis added). The specific measures a landowner must take therefore depend on the circumstances surrounding the business conducted. *Golba v. Kohl's Dept. Store, Inc.*, 585 N.E.2d 14 (Ind. Ct. App. 1992) (citing *Ciminski v. Finn Corp., Inc.*, 537 P.2d 850 (Wash. App. 1975)). In the context of the modern merchant, for example, reasonable care involves guarding against the foreseeable danger posed by accumulations of snow and ice on business premises, *see, e.g.*, *Bell v. Grandville Coop., Inc.*, 950 N.E.2d 747, 750 (Ind. Ct. App. 2011) (citing *Hammond v. Allegretti*, 311 N.E.2d 821, 826 (Ind. 1974)), or by the presence of foreign substances on the floor where customers walk. *See, e.g.*, *Finley v. Target Corp.*, No. 2:12-cv-296, 2013 WL 3288414, at *3–5 (N.D. Ind. June 28, 2013) (denying summary judgment for store owner where a question of fact existed as to whether plaintiff slipped and fell due to spilled condiments on the floor).

Plaintiffs present no evidence that the clothes racks or hangers in question amount to dangerous conditions. Nor do these ordinary household items present such foreseeable danger as to demand special precautions. *See, e.g.*, *Lowden v. Lowden*, 490 N.E.2d 1143, 1146–47 (Ind. Ct. App. 1986) (applying the reasonable care standard owed to child licensees—which also requires a dangerous condition—and finding that a cup of hot

8

coffee on a lamp table is not a dangerous condition). Plaintiffs simply rely on bare assertions, Kenny Fields's affidavit, and photographs of clothes racks and hangers from other stores in Eastland Mall. (*See* Filing No. 33-2, Fields Aff. at 1–2, Exhibit A). As noted above, the court strikes the portion of the affidavit where Kenny Fields opines on the design features of clothes racks. But even if the court considered such evidence, the existence of safer racks does not show that The Buckle was negligent in choosing one rack design over others. *See Spaziani v. FedEx Corp. Servs., Inc.*, No. 1:12-cv-810-WTL-MJD, 2015 WL 93529, at *3–4 (S.D. Ind. Jan. 7, 2015) (finding premises owner's choice of a ladder as a means to access an elevated platform does not suffice to establish an unreasonably dangerous condition even though internal policies preferred safer means). Kenny Fields also testified that no "sales associates" had checked the racks for loose hangers during Plaintiffs' visit. (Filing No. 33-2, Fields Aff. at 2). Although this evidence would tend to show that The Buckle had constructive knowledge of the condition, it does not establish the condition's dangerousness.

The court cannot conclude, based on the record, that The Buckle had a duty to protect B.F. from such a condition. The surveillance video shows B.F., as his father stood beside him, pushing his way through the parallel rails of clothing where he came in contact with the hanger. Absent evidence—as opposed to bare assertions—that The Buckle should have foreseen such danger, the court declines to find that The Buckle owed B.F. a duty to protect him from the occasional loose hanger located inside of a clothes rack. Of course, a prudent merchant would take reasonable steps to maintain tidy

9

premises; but Indiana law imposes liability only when the merchant should realize or discover that a condition poses an unreasonable risk of harm.

### III. Conclusion

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Strike (Filing No. 43) and **GRANTS** Defendant's Motion for Summary Judgment (Filing No. 23). Final judgment consistent with this Entry shall now issue.

**SO ORDERED** this 26th day of February 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.