UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| B. F., a minor, | ) | |
| KIM FIELDS and KENNY FIELDS as the | ) | |
| natural parents and legal guardians of B.F. | ) | |
| | ) | |
| Plaintiffs, | ) | 3:13-cv-00222-RLY-WGH |
| | ) | |
| vs. | ) | |
| | ) | |
| THE BUCKLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFFS' MOTION TO ALTER AND AMEND JUDGMENT**

This case began when Plaintiffs B.F., a minor, and his parents, Kim and Kenny Fields, filed suit in Vanderburgh Circuit Court against Defendant, The Buckle, seeking damages for personal injuries that B.F. suffered during a visit to The Buckle's clothing store. The Buckle removed Plaintiffs' action to this court, which granted The Buckle's motion to strike portions of Kenny Fields's affidavit and motion for summary judgment. Plaintiffs now ask the court to alter and amend its judgment in their favor pursuant to Federal Rule of Civil Procedure 59(e). For reasons set forth below, the court **DENIES** Plaintiffs' motion.

I.   **Background**

In December 2011, Mr. and Mrs. Fields and their then four-year-old son, B.F., visited The Buckle, a retail clothing store located in Eastland Mall in Evansville, Indiana.

The Buckle's surveillance video shows B.F. initially resting on his father's shoulders before Mr. Fields removed him and placed him on the ground next to a clothing rack. B.F. then disappeared into the clothing rack. Within seconds, Mr. Fields heard his son scream and emerge from the clothing rack with a hanger caught in his eye.

In December 2013, Plaintiffs brought a negligence action based on a premises liability theory, claiming The Buckle breached its duty to protect B.F. from a dangerous condition on its premises. Only one month after discovery commenced and before either party conducted any depositions, The Buckle moved to strike portions of Plaintiffs' affidavit and for summary judgment. The court granted in part The Buckle's Motion to Strike Portions of Plaintiffs' Affidavit and granted its Motion for Summary Judgment.

Plaintiffs now move to alter and amend judgment to deny the motion to strike with respect to Paragraph 7 of Kenny Fields' Affidavit and deny summary judgment.

## II.     Motion to Alter and Amend Judgment

To succeed on a Rule 59(e) motion, the movant must clearly establish either "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013) (citation omitted). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) does not permit the rehashing of previously rejected arguments. *Id.*

### A. Motion to Strike Portions of Kenny Fields' Affidavit

Plaintiffs claim the court erred when it struck Paragraph 7 of Kenny Fields's affidavit pursuant to Rule 56(c)(4) while also declining to strike Paragraph 10. Plaintiffs assert that, like Paragraph 10, Paragraph 7 reflects Mr. Fields's personal knowledge as informed by his observations. In Paragraph 7, Mr. Fields testifies that other retail stores in Eastland Mall use clothes racks "designed to keep children out" and "constructed in such a manner to prevent an occurrence as my son experienced." In Paragraph 10, however, he testifies that no employees of The Buckle inspected the clothes racks while Plaintiffs were in the store. Whereas Paragraph 10 contains Mr. Fields's observation of a specific fact, Paragraph 7 amounts to his conclusory assertions about the design features of clothes racks. Although Mr. Fields can testify as to whether he witnessed employees actively monitoring clothing racks, he failed to establish his competence to opine on clothes rack designs. *See Maher v. Rowen Grp., Inc.*, No. 12C7169, 2015 WL 273315, at *2 (N.D. Ill. Jan. 20, 2015) (noting that although Federal Rule of Evidence 702 does not require particular credentials of an affiant giving expert opinion testimony, he must "know[ ] of what he speaks" and cannot simply offer "subjective belief or unsupported speculation"); *see also Nat'l Diamond Syndicate, Inc. v. United Parcel Serv., Inc.*, 897 F.2d 253, 260 (7th Cir. 1990) ("[I]f the affiant offers an expert opinion, she must give *reasons* for the opinion, and not merely state her conclusions" (emphasis in original)). Plaintiffs point to no manifest error of law or fact and therefore fail to meet their burden under Rule 59(e).

B. **Motion for Summary Judgment**

Plaintiffs next assign error of law to the court's grant of summary judgment for The Buckle and ask the court to alter and amend the judgment in their favor. Plaintiffs claim the surveillance video establishes that the hanger and clothes rack posed a foreseeable danger to business invitees. In other words, because the injury occurred, the injuring condition constitutes a foreseeable danger. Thus, the argument goes, a jury should decide whether The Buckle exercised reasonable care as set forth in the Restatement (Second) of Torts § 343.[1]

This argument—the same argument made on summary judgment—fares no better on motion to alter and amend judgment. If the incidence of injury presupposed the foreseeability of danger and therefore a duty to protect, the court would have no role in determining whether a duty exists as a matter of law. *See Pfenning v. Lineman*, 947 N.E.2d 392, 407 (Ind. 2011) (noting that "[t]he determination of duty is one of law for the court"). Thus, a plaintiff would need only show proof of injury to establish a duty to protect against the injuring condition. This reasoning, of course, is flawed. The law does

---

[1] Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

not charge landowners with insuring the safety of invitees against all possible dangers. *See, e.g.*, *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012).

Plaintiffs direct the court to *Hobby Shops, Inc. v. Drudy*, 317 N.E.2d 473 (Ind. Ct. App. 1974). In that case, the plaintiff, a minor, ran through the defendant's parking lot and struck a cable approximately three or four feet above the ground. *Id.* at 475. The defendant premises owner challenged the jury verdict in the plaintiff's favor on grounds that the court improperly instructed the jury to assess whether the defendant exercised reasonable care. The defendant argued that because it could not have foreseen the sequence of events preceding the plaintiff's injury, it had no duty, as a matter of law, to protect invitees against the injuring condition. *Id.* at 478. In dismissing the defendant's argument, the court clarified that foreseeability does not mean a landowner should have anticipated the precise sequence of events or injurious consequences. *Id.* Rather, the court must determine whether, in the abstract, a landowner should have foreseen the injurious consequences of its conduct. *Id.* The court concluded that sufficient evidence supported a finding that the defendant should have foreseen the possibility of children running through its parking lot and injuring themselves on the exposed cable. *Id.*

*Hobby Shops, Inc.* does not compel a different conclusion than that which the court reached in granting summary judgment for The Buckle. On the record before it, the court simply declined to find, as a matter of law, that The Buckle should have foreseen the injurious consequences of a loose hanger on a clothes rack—a determination squarely within the province of the court. Plaintiffs provide no new evidence to support a finding that B.F.'s injuries were a foreseeable result of the injuring condition. Nor do Plaintiffs

5

identify an error of law or fact in the court's ruling on summary judgment. The court, therefore, declines to alter and amend the judgment.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Alter and Amend Judgment (Filing No. 54) is **DENIED**.

**SO ORDERED** this 1st day of December 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.